IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHIRLEY WOOD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. NO.: 5:17-cv-710 |
| § | |
| LIFE CARE SERVICES, LLC § | |
| § | |
| Defendants. § | |

## COMPLAINT

COMES NOW, Plaintiff SHIRLEY WOOD ("Plaintiff"), and complains of LIFE CARE SERVICES and for her cause of action would show the Court as follows:

## INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Texas Commission on Human Rights Act, and the Family and Medical Leave Act.

## PARTIES

2. Plaintiff SHIRLEY WOOD is a resident of Comal County, Texas.

3. Defendant LIFE CARE SERVICES, LLC is Plaintiff's former employer and may be served with process by serving its registered agent, COGENCY GLOBAL INC., at the following address: 1601 Elm St., Suite 4360, Dallas, TX 75201.

**JURISDICTION AND VENUE**

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Texas Commission on Human Rights Act. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex and disability and for availing herself of the protections of the Family and Medical Leave Act.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Western District of Texas, San Antonio Division, as the occurrences giving rise to this action occurred in New Braunfels, Texas.

**CONDITIONS PRECEDENT**

7. All conditions precedent have been performed or have occurred.

**STATEMENT OF FACTS RELEVANT TO ALL CLAIMS**

8. Defendant, Life Care Services, LLC, hired Plaintiff, Shirley Wood, as an Executive Director in January 2015. Ms. Wood was assigned to work as the Executive Director for Elan Westpointe, located in New Braunfels, Texas.

9. In January 2016, Ms. Wood was assigned a new supervisor, Jason Gurash, who told her soon after he was assigned to her that males do better than females in senior positions because males are more assertive.

10. In April of 2016, Ms. Wood disclosed to Mr. Gurash that she had a medical condition

(a brain aneurism) that caused her to have a near-death experience in 2008.  She also informed him that she was having some serious health issues and neurological problems related to her Fibromyalgia, and requested permission from Mr. Gurash to begin a period of FMLA leave.  Mr. Gurash's response was: "this could not be a worse time for you to be away from the building."  Ms. Wood told Mr. Gurash that she was sorry, but that she had been very sick.  Mr. Gurash told Ms. Wood that he would have Life Care Services' human resources representative send her an FMLA application.

11.	Following her conversation with Mr. Gurash, Ms. Wood began experiencing adverse treatment from Mr. Gurash, including the use of harsh and confrontational language in his communications with her.

12.	During the week of April 11, 2016, Ms. Wood became very ill with symptoms related to her Fibromyalgia and migraines, and took several days off, for which she provided a doctor's note.  Ms. Wood returned to work on April 18, 2016, but became violently ill at work that day from her Fibromyalgia and migraines.  Ms. Wood immediately notified human resources that her physician had put her on immediate leave and that she had to begin in FMLA leave that day, under advice from her physician.  Ms. Wood's physician recommended, and Life Care Services approved, a full three-month period of FMLA leave for Ms. Wood.

13.	On July 8, 2016, Ms. Wood reported to the Defendant by e-mail that she planned on returning to work on July 12, 2016.

14.	On July 18, 2016, Life Care Services terminated Ms. Wood's employment.  Ms. Wood was replaced by a male employee following her termination.

## CAUSES OF ACTION

### COUNT ONE - GENDER DISCRIMINATION UNDER
### TITLE VII AND THE TCHRA

15. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint. Plaintiff's Charge was cross-filed with the Texas Workforce Commission Civil Rights Division within two years of the date of this Complaint.

16. Plaintiff was an employee within the meaning of the TCHRA and Title VII and belongs to a class protected under those statutes, namely Plaintiff was discriminated against because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1), and the Texas Commission on Human Rights Act, Texas Labor Code §21.001, et. seq.

17. Defendant is an employer within the meaning of Title VII and the TCHRA.

18. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." The TCHRA contains a similar prohibition against discrimination on the basis of gender. Texas Labor Code §21.001, et. seq.

19. Defendant intentionally discriminated against Plaintiff because of her gender (female)

in violation of Title VII and the TCHRA by subjecting Plaintiff to the events described above, including by terminating Plaintiff's employment.

### COUNT TWO - DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE ADA AND TCHRA

20. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing to accommodate Plaintiff's disability and by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

21. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

22. Defendant is an employer under the ADA and the TCHRA.

23. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

24. Plaintiff was meeting her employer's expectations.

25. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendant regarded Plaintiff as a person with a disability.

26. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing to provide Plaintiff with reasonable accommodation of a reasonable period of leave, and by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision

5

to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT THREE - FAMILY AND MEDICAL LEAVE ACT

27. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions that prohibit an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

28. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

29. In addition, an employee who takes FMLA leave under section 2612 shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendant has violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA.

**DAMAGES**

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

31. Defendant intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.  Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

32. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.  See Tex. Lab. Code §21.2585(a), (b); 29 U.S.C. §621 *et seq.;* 42 U.S.C. §1981a.

33. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff.

## ATTORNEYS' FEES AND EXPERT FEES

34. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF